IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| James Hoppe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-CV-1212 |
| ) | |
| Jesse White, Secretary of State ) | |
| for the State of Illinois, ) | |
| Office of the Secretary of State ) | |
| for the State of Illinois, and ) | |
| Office of the Secretary of State ) | |
| Merit Commission, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1). For the reasons below, the Court recommends the motion be granted in part and denied in part, and that Plaintiff be given leave to file an amended complaint.

## STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or facial challenges to the court's subject matter jurisdiction under Fed. R.

Civ. P. 12(b)(1), the Court takes the allegations in the complaint as true, viewing all facts, as well as any reasonable inferences, in the light most favorable to the plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  A plaintiff is not required to plead specific facts to state a claim-- conclusory allegations are sufficient.  Fed. R. Civ. P. 8; Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002).  The focus at this stage is "whether relief [is] possible based on any legal theory . . . under any set of facts that could be established consistent with the allegations . . . ."  McDonald v. Household International, Inc., 425 F.3d 424, 428 (7th Cir. 2005).

## ALLEGATIONS

The allegations are taken from Plaintiff's Complaint (d/e 1) and from Plaintiff's response to the motion to dismiss (d/e 7), to the extent consistent with the allegations in the Complaint.  *See* Hrubec v. National Railroad Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992).

Plaintiff began working for the Office of the Secretary of State in 1977. He was injured on March 2, 2001; his worker's compensation claim remains pending. On August 24, 2004, Plaintiff was discharged "for the stated cause of 'job abandonment.'" (d/e 1 ¶ 11).

During his employment, Plaintiff reported illegal, unprofessional and unethical behavior of other employees to Defendants, including the illegal issuance of driver's licenses. These reports were made professionally, confidentially and in accordance with the Secretary's rules.

Plaintiff was subpoenaed to appear before a grand jury regarding the charges against George Ryan. Defendants penalized Plaintiff for testifying before the grand jury by denying him merit raises, promotions and other benefits, from 1981 to the date of his discharge.

## ANALYSIS

Plaintiff filed his Complaint on August 23, 2006, asserting a violation of his First, Fourth and Fourteenth Amendments. He seeks compensatory and punitive damages, along with costs and attorney fees.

I.    Fourth Amendment

The Court agrees with Defendants that Plaintiff states no claim for a Fourth Amendment violation. The Fourth Amendment protects citizens

against unreasonable searches and seizures. Plaintiff's response does not address this, nor does the Court see how the Fourth Amendment could apply. Accordingly, the Court will recommend dismissal of Plaintiff's Fourth Amendment claims, to the extent he makes any.

II. First Amendment

Retaliation by state actors for an employee's constitutionally-protected speech states a claim under the First Amendment. *See* Metzger v. DaRosa, 367 F.3d 699, 702 (7th Cir. 2004)(setting forth elements of claim). To enjoy constitutional protection, the speech must be "as a citizen upon matters of public concern," Connick v. Myers, 461 U.S. 138, 147 (1983), rather than speech in performance of official job duties, Garcetti v. Ceballos, 126 S.Ct. 1951, 1960-61 (2006).

Plaintiff alleges Defendants took adverse actions against him because he reported misconduct and testified truthfully before a grand jury. S*ee* Wright v. DCFS, 40 F.3d 1492, 1505 (1994)("truthful testimony on matters of public concern normally is protected speech"). These allegations sufficiently state a claim that Plaintiff was retaliated against for his constitutionally-protected speech.

Jesse White, the Secretary of State, argues that no reasonable inference of personal responsibility arises against him. White is correct that he cannot be held liable under 42 U.S.C. § 1983 for the constitutional wrongs of his subordinates simply because he is in charge. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)("doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights."). White must be personally responsible for the constitutional violations. For example, he must have directed the conduct, or have known about the conduct and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [he] might see." Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988).

The Court agrees that the Complaint is silent on what actions White personally took that violated Plaintiff's Constitutional rights. However, "silence is just silence and does not justify dismissal [for failure to state a claim] unless Rule 9(b) requires details. Arguments that rest on negative implications from silence are poorly disguised demands for fact pleading." Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006).

Accordingly, the Court will recommend White remain in the case at this time in his individual capacity.

III.  Fourteenth Amendment

Defendants assert that Plaintiff has not alleged a Fourteenth Amendment violation.  Plaintiff references the Fourteenth Amendment on the first page of his Complaint, and alleges "wrongful termination following deprivation of property and personal rights as a result of the Plaintiff's reporting of misconduct. . ." (d/e 1, p. 1).  He argues in his response that "he has clearly set forth an interest in his employment and benefits," (d/e 6, p. 4).[1]

It does not appear that Plaintiff is trying to assert a Fourteenth Amendment claim separate from his First Amendment retaliation claim.

---

[1] To succeed on a 14th Amendment procedural due process claim regarding government employment, an employee must first show "[a] protected property interest in . . . government employment . . .a legitimate claim of entitlement to it.'" Kiddy-Brown, 408 F.3d 346, 360 (7th Cir. 2005), quoting Bd. of Regents v. Roth, 408 U.S. 564 (1972).  For example, a protected interest might arise from "'a state statute, regulation, municipal ordinance, or an express or implied contract –. . . ." Id. (quoted cite omitted); Atterberry v. Sherman, 453 F.3d 823, 826-27 (7th Cir. 2006).  If Plaintiff shows a constitutionally protected property interest in his job, the Court then determines what "process" was due under the Fourteenth Amendment before the adverse employment action could be taken. Sonnleitner v. York, 304 F.3d 704, 711 (7th Cir. 2002).

Plaintiff's allegations all go to the adverse actions taken in retaliation for his reporting of misconduct and his grand jury testimony. Plaintiff may have referenced the Fourteenth Amendment simply because it is through the due process clause of the Fourteenth Amendment that the First Amendment applies to the states. <u>Joelner v. Village of Washington Park</u>, 378 F.3d 613, 619 (7th Cir. 2004).

Dismissal of a Fourteenth Amendment procedural due process claim is likely unnecessary, because Plaintiff does not appear to be making one. However, for clarity's sake, the Court will recommend dismissal of any procedural due process claims based on the Fourteenth Amendment, to the extent Plaintiff asserts them, on the grounds that the Complaint does not give fair notice to Defendants of the facts underlying those claims. <u>Brokaw v. Mercer County</u>, 235 F.3d 1000, 1014 (7th Cir. 2000)("while the federal rules of notice pleading do not require the plaintiff to allege all of the relevant facts, '[f]or fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim.'")(quoted cite omitted). If Plaintiff does mean to assert a separate Fourteenth Amendment violation, he may set forth the operative facts in an amended complaint.

IV. Eleventh Amendment

An action against Jesse White in his official capacity as Secretary of State is an action against the State of Illinois, because state agencies and state departments are "arms of the state."  Joseph v. Bd. of Regents of Univ. of Wisconsin, 432 F.3d 746, 748 (7th Cir. 2005).  The Merit Commission is within the Office of the Secretary of State, 15 ILCS § 310/1 *et seq*, and is thus also an arm of the State.[2]

The immunity afforded under the Eleventh Amendment bars plaintiffs from recovering money damages against states.  Hadi v. Horn, 830 F.2d 779, 783 (7th Cir. 1987). Since Plaintiff seeks only money damages for past constitutional violations, Jesse White in his official capacity must be dismissed, because White in his official capacity *is* the State.  Id.  The Office of the Secretary of State and the Merit Commission are also arms of the State, but they must be dismissed in any event because they are not suable "persons" under 42 U.S.C. § 1983.  See Porco v. Trustees of Indiana University, 453 F.3d 390, 395 (7th Cir. 2006)(quoting Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002), "[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted."); Holton v.

---

[2] Final administrative decisions of the Merit Commission are subject to judicial review by state courts pursuant to the Administrative Review Law.  15 ILCS 310/9b.

Indiana Horse Racing Commission, 398 F.3d 928, 929 (7th Cir. 2005)(§ 1983 suit could not be maintained against racing commission because commission not a person).  Plaintiff's § 1983 action for money damages must be pursued against named persons in their individual capacities, not against state entities.  The cases cited by Plaintiff do not change these principles.³

Dismissal of the State does not end Plaintiff's case, however.  The Eleventh Amendment does not immunize state actors in their *individual capacities* from lawsuits against them for money damages, and the Court at this time is recommending Jesse White remain in the case in his individual capacity. Further, the Court will recommend Plaintiff be given leave to file an amended Complaint to name appropriate defendants in their appropriate capacities.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted in part and denied in part (d/e 4).  The Court recommends dismissal of Plaintiff's claims under the Fourth Amendment, and dismissal of the procedural due process claims under the Fourteenth

---

³For example, Augustine involved damages against public officials in their *individual* capacities.  August v. Edgar, 576 F.Supp. 114, 1145-46 (N.D. Ill. 1983).  In Metzger, the plaintiff's First Amendment claim did not survive summary judgment. Metzger v. DaRosa, 367 F.3d 699 (7th Cir. 2004).

Amendment, to the extent he makes such claims. The Court further recommends that Defendant Jesse White be dismissed in his official capacity on grounds of Eleventh Amendment sovereign immunity, and that the Office of the Secretary of State and the Merit Commission be dismissed because they are not persons subject to suit under 42 U.S.C. § 1983. The Court lastly recommends that Defendant White remain at this time in his individual capacity and that Plaintiff be given leave to file an amended complaint within 14 days after this Report and Recommendation is ruled upon by the District Court.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    March 30, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE